138 So.2d 373 (1962)
Marilyn BLOIS, Appellant,
v.
John B. BLOIS, Appellee.
No. D-99.
District Court of Appeal of Florida. First District.
February 22, 1962.
Rehearing Denied March 19, 1962.
Richard W. Ervin, Atty. Gen., Reeves Bowen, Asst. Atty. Gen., William A. Hallowes, III, State Atty., and Nathan A. Schevitz, Asst. State Atty., for appellant.
Walter G. Arnold, Jacksonville, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiff in a proceeding under the Uniform Reciprocal Enforcement of Support Law has taken this interlocutory appeal from an order of the Circuit Court for Duval County denying her motion to dismiss a counterclaim for divorce filed by the defendant in that proceeding.
The novel question is thus presented to us on this appeal whether a counterclaim for *374 divorce can properly be filed in an action under the mentioned law in this state.
The record shows that on February 1, 1961, a petition was filed in an Ohio court by the plaintiff against her husband, the defendant, residing in Jacksonville, Florida, for support for herself and their son, then about 40 days old. This petition was filed pursuant to the provisions of the Uniform Reciprocal Enforcement of Support Law (Sec. 3115.01 to 3115.22, Laws of Ohio, and Chapter 88, Florida Statutes), F.S.A. The petition was certified by the Ohio court and transferred to the Florida courts pursuant to the uniform law. A summons, together with a petition and an affidavit of the plaintiff, was served on the defendant, and on April 28, 1961, the defendant answered the petition admitting the marriage but denying he was the father of the child, denying that he had failed to support the petitioner, and alleging that the parties had entered into a separation agreement in 1960 with which the defendant had fully complied, and alleging that a divorce action, instituted by the petitioner, was still pending in Ohio. At the same time the defendant filed in these proceedings a counterclaim for a divorce, charging the plaintiff with extreme cruelty and also demanding that the plaintiff be required to abide by the terms of the said property settlement. The plaintiff then filed a motion to dismiss this counterclaim on the ground that the Circuit Court for Duval County had no jurisdiction to entertain it. The Circuit Court denied this motion in an order from which the plaintiff has taken this appeal.
The Florida Uniform Reciprocal Enforcement of Support Law, being Chapter 88, Florida Statutes, contains the following provisions which throw light on the nature of the proceedings under that law from the point of view of the question of the propriety of the filing of a counterclaim for divorce in a proceeding instituted under such law:
Sec. 88.021, Florida Statutes, F.S.A., states that the purposes of this chapter are to improve and extend by reciprocal legislation "the enforcement of duties of support" and to make uniform the law with respect thereto. Sec. 88.121 provides that the state attorney "shall represent the plaintiff in any proceeding initiated in this state under this chapter." As to procedure, Section 88.201 provides that the court shall conduct proceedings under this chapter "in the manner prescribed by law for an action for the enforcement of the type of duty of support claimed." Finally, Section 88.291 declares:
"Participation in any proceedings under this chapter shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding."
Certainly it is implicit, if not explicit, from the above-mentioned and other provisions of our Uniform Reciprocal Enforcement of Support Law that the only real issue in a proceeding under that law is the duty of support. The issue of dissolving the bonds of matrimony, while admittedly some of the evidence with regard to such issue might be relevant to the duty to support, is nevertheless extraneous to the real issue of the duty to support. We think that the Legislature in adopting Sec. 88.291, quoted above, intended thereby to preclude the conversion of proceedings under Chapter 88 into a suit for divorce.
It seems to us perfectly apparent from a consideration of the above-mentioned provisions of the Florida Uniform Reciprocal Enforcement of Support Law that the State Legislature in enacting that law never intended that a proceeding filed pursuant thereto could be resolved into a divorce suit between private parties. As the appellant contends on this appeal, the whole purpose of the law is to require a respondent husband to support his dependents, and the Legislature could never have intended that a state attorney of this state, a public prosecuting official, who represents the dependents in such a proceeding, should be *375 transformed into an attorney representing a private client in a divorce suit.
The Supreme Court of Florida in the case of Thompson v. Thompson, 93 So.2d 90 (Fla., 1957), has thus delineated the purpose of the Florida Uniform Reciprocal Enforcement of Support Law:
"The Uniform Reciprocal Enforcement of Support Law was intended to provide a simplified two-state procedure by which the obligor's duty to support an obligee residing in another state may be enforced expeditiously and with a minimum of expense to the obligee (or to the State, if the obligee is indigent). It contemplates that the court of the initiating state will refer the petition to the court of the responding state having jurisdiction of the obligor or his property. It is intended to provide remedies to the obligee `in addition to and not in substitution for any other remedies', Sec. 88.041, Fla. Stat. 1955, F.S.A."
It is not necessary, however, to rely solely upon the general purpose of this law or its broad intent as expressed in the various provisions of the law, for, as we have said, we think that Sec. 88.291, Florida Statutes, directly prohibits the filing of such an action as a counterclaim for divorce in a proceeding under the law in question.
Brockelbank in his "Interstate Enforcement of Family Support," pp. 56-57, states that a provision like that in Sec. 88.291 prevents a court from taking jurisdiction over a divorce action when support proceedings are brought under the Uniform Reciprocal Enforcement of Support Law.
The best statement which we have read concerning the reasoning underlying our holding on this appeal that the counterclaim for divorce was improperly filed in the instant proceedings, is that in State ex rel. Schwartz v. Buder, 315 S.W.2d 867 (Mo. App. 1958), in which the St. Louis Court of Appeals said:
"As the cause is initiated in a foreign jurisdiction and the prosecuting attorney is obliged to prosecute the claim for the plaintiff and a rule of evidence is changed, there is no way in which an orderly trial of the cross bill for a divorce could be heard without detriment to the purpose of the Act. It is evident that to allow a cross bill for divorce would compel a mother, claiming support for her children, to defend such divorce action in a place far removed from her domicile. The plain purpose of the Act is only to enforce the payment of support which the defendant is legally obliged to pay and it has no relation to changing the marital status of the parties."
While some of the evidence adducible under a counterclaim for divorce might be relevant to the real issue in the proceedings  the duty to support, the counterclaim was, as we held above, improperly filed and it should have been dismissed on the plaintiff's motion.
Our conclusion, therefore, is that the Circuit Court was in error in denying the appellant's motion to dismiss the appellee's counterclaim for divorce in these proceedings, and the order appealed from must be and it is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
STURGIS and WIGGINTON, JJ., concur.