394 So.2d 536 (1981)
Martha Louise SUDDUTH, Appellant,
v.
Almedia Elizabeth SCOTT, Appellee.
No. 80-648.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
*537 Malcolm Anderson, North Palm Beach, and Marjorie Gadarian, Jones & Foster, P.A., West Palm Beach, for appellant.
Joan H. Bickerstaff, Cocoa Beach, for appellee, Dept. of Health and Rehabilitative Services.
BERANEK, Judge.
This is an appeal by a dependent adult's mother from a final order awarding him support pursuant to his grandmother's petition for support under the Uniform Reciprocal Enforcement of Support Act (URESA). We affirm in part and reverse in part.
Mother and father were divorced in 1953, when their son, now 28, legally blind and mentally retarded, was one year old. Father was awarded custody of the son; mother was given visitation privileges but not required to pay support. Immediately following the divorce, father brought son to his mother's (son's grandmother's) home, where he has resided ever since with mother's knowledge and consent.
Mother, remarried in 1953, has worked strictly as a homemaker with the following exceptions: saleswoman at Burdine's for three months in 1965, saleswoman at Saks Fifth Avenue for two weeks in 1964 and one month in 1967. She owns no assets other than the jointly owned marital domicile and three jointly owned cars.
In September of 1979, grandmother instituted child support proceedings in Tennessee under URESA against mother. She additionally filed a support action against father, a resident of Georgia, in Georgia. The Georgia court found in favor of the father and against the grandmother. The Tennessee court entered a certificate and order finding mother owed $150 per month support. Tennessee forwarded the certificate, order, and copies of the applicable Tennessee law to Florida, where mother resides, for enforcement under URESA. Mother contested grandmother's standing to petition for support under URESA and submitted the Georgia court's order dismissing grandmother's support petition against father in support thereof. The Florida circuit court overruled mother's objections, finding grandmother a proper petitioner under Section 88.031(9), Florida Statutes (1979), and further finding mother has the ability to pay $150 in monthly support.
On appeal, mother does not dispute the fact that son, although an adult, is a dependent due to his physical and mental disabilities. The mother concedes that under the circumstances she has a duty to support her son. Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). Although conceding a duty of support she challenges grandmother's standing to bring the action as grandmother did not have legal custody of son and further asserts her own inability to pay $150 per month for support. We deem it necessary to discuss only the latter issue. We hold that under the facts of this case the grandmother did have standing.
As to ability to pay mother contends that she has been unemployed since 1967 and has no income or assets of her own. We find the statement of evidence submitted in lieu of a transcript fails to demonstrate mother's ability to pay. Mother asserts she is being totally supported by her second husband and urges she cannot be required to go to work. This voluntary decision by her, however, does not demonstrate an inability on her part to pay support. The determinative question is her potential to make the payments, whether she receives the money from a job or any other source. If she has the ability to make the money to pay support she cannot refuse to do so merely because she may prefer to be a housewife. Accordingly, we reverse this portion of the order and remand the cause for a further hearing to determine mother's ability to pay.
*538 AFFIRMED IN PART, REVERSED IN PART.
MOORE, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I would affirm the trial court's order in its entirety.
The record reflects that the appellee grandmother has cared for the appellant's disabled child since 1953. The appellant has acquiesced in this custody arrangement and in fact does not challenge the arrangement in these proceedings. Under these circumstances it makes little sense to deny the appellee standing to seek financial aid for the child from one who is legally obligated to provide that aid. The grandmother is the guardian of the child in fact and is acting for the child in these proceedings. Hence, I concur in the majority's determination on the standing issue. I would also affirm the trial court's order for support. The record reflects that the appellant is the joint owner of real property worth $75,000.00 and that she also has an ownership interest in several automobiles. Under these circumstances I do not believe the trial court erred in ordering monthly support payments of $150.00.