Eric SAASK, Appellant,

v.

Jack Woodrow YANDELL, Appellee.

No. S–403.

Supreme Court of Alaska.

July 19, 1985.

Thom F. Janidlo, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Fred H. Valdez, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

This case concerns a question of standing under the Uniform Reciprocal Enforcement of Support Act (URESA), AS 25.25.-010–.270. The appellant, Eric Saask, is the stepfather of the child whose support is at issue. Saask did not acquire "legal custody" through the courts. Rather, he became the child's de facto custodian when his wife, the child's natural mother, left the child in Saask's care after she and Saask were divorced in California. Saask has filed a URESA action to recover support arrearages from the child's natural father, Jack Yandell, Sr., a resident of Alaska. The superior court affirmed the master's decision dismissing Saask's action on the ground that he did not have legal custody of the child and therefore he lacked standing. We find that Saask does have standing and remand this case for proper consideration of Saask's action pursuant to URESA.

## I. BACKGROUND

In 1971 Jack Woodrow Yandell and Dorothy Ellen Yandell were divorced in California. Dorothy was granted custody of the three minor children and Jack was ordered to pay child support.

After the Yandells' divorce, Dorothy married Eric Saask. The three Yandell children resided with their mother and stepfather in the Saask home in California.

Subsequently, Dorothy divorced Saask, but at least one of the Yandell children continued to reside with him. Saask's URESA action is for Yandell's arrearages in child support owed for the support of the younger son, Jack Yandell, Jr., whom Saask supported from 1973 through at least 1981.

When Saask became unemployed, he received public assistance to support the younger boy. The California agency that provided assistance then filed a URESA action on Saask's behalf against Yandell, an Alaska resident, to collect arrearages in child support (totalling $5,320.68 for the eight-year period). The initiating jurisdic-

tion,[1] California, deemed Saask a proper petitioner and also determined that Yandell did owe child support. Thereafter, the State of Alaska, as the responding state [2] under URESA, filed a complaint on Saask's behalf with the superior court in Alaska.[3]

In June 1983 Yandell filed a motion to dismiss. Subsequently, the court master filed a report stating that Saask lacked standing to bring a URESA action against Yandell because Saask had never petitioned any court to formalize his custody of the Yandell child. The state filed objections to the Master's Report. However, the superior court signed an order approving the Master's Report.

The Alaska Child Support Enforcement Division appealed on Saask's behalf, asking us to vacate the award of attorney's fees and to reverse the decision denying Saask standing to bring this URESA action.

## II. DISCUSSION

On appeal, Saask argues that AS 25.25.-110 does not deny a right to pursue an action under URESA to a person who has a valid claim for reimbursement but lacks legal custody of the child he has supported.[4] Saask stresses that he has a right to reimbursement from Yandell for the necessities which Saask provided to Yandell's child. In particular, Saask contends that our URESA statute is a remedial act that should not be construed to restrict actions to collect support from parents. He ar-

gues that a right to reimbursement for child support is determined not by the provider's having legal custody but, instead, by the provider's having provided support to the child.

In response, Yandell contends that Saask is not an obligee as defined by URESA.[5] Yandell asserts that the obligee is *the child* to whom a parent's duty of support is owed and only a person with legal custody may file a complaint on behalf of the child. Under his view, only those with legal custody may proceed under URESA to seek reimbursement from a parent for providing support for that parent's child, regardless of the propriety or the necessity of the situation in which support was provided.

AS 25.25.010 provides the following definitions under URESA:

(2) "duty of support" includes a duty of support imposed or imposable by law, or by a court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, legal separation, separate maintenance or otherwise, and includes the duty to pay arrearages of support past due and unpaid together with penalties and interest on arrearages imposed under AS 47.-23.020(a)(2)(C);

. . . .

(5) "law" includes both common and statute law;

. . . .

(7) "obligor" means a person owing a duty of support;

---

**1.** AS 25.25.010(4) provides that "'initiating state' means a state in which a proceeding under this or a substantially similar reciprocal law is commenced."

**2.** AS 25.25.010(8) provides that "'responding state' means a state in which a proceeding under the proceeding [sic] in the initiating state is or may be commenced."

**3.** AS 47.23.020 directs the Child Support Enforcement Agency to enforce URESA and to contract with the Department of Law for legal services. Here the Child Support Enforcement Division of the Alaska Attorney General's Office appeared on behalf of the California Child Support Enforcement Agency, which had represent-

ed Saask in California. Pursuant to URESA, courts allow agencies providing financial aid to families with dependent children to proceed under URESA against out-of-state parents owing child support. *E.g., State v. Lagoy,* 54 Or.App. 164, 634 P.2d 289 (1981).

**4.** AS 25.25.110 states: "A complaint on behalf of a minor obligee may be brought by a person having legal custody of the minor without appointment as guardian ad litem."

**5.** AS 25.25.010(6) provides that "'obligee' means a person to whom a duty of support is owed."

. . . .

(10) "support order" means any judgment, decree, or order of support in favor of an obligee, whether temporary or final or subject to modification, revocation, or remission, regardless of the kind of action or proceeding in which it is entered.

■ It is clear that AS 25.25.010 intended to remove the requirement of having a court appoint a child's legal custodian as guardian ad litem in order for the custodian to apply for child support. The use of the word "may" in AS 25.25.010(8) indicates that the legislature meant to add a right, not impose a restriction. Moreover, the term "legal custody," as an element of standing under URESA, has been given an expansive meaning by other courts. *E.g., Sudduth v. Scott,* 394 So.2d 536 (Fla.Dist. App.1981).[6] Courts tend to focus on the duty of support as "the only real issue" in a proceeding under URESA. *E.g., Watson v. Dreadin,* 309 A.2d 493, 496 (D.C.App. 1973) (quoting *Blois v. Blois,* 138 So.2d 373, 374 (Fla.Dist.App.1962)).

■ Furthermore, "duty of support" is expansively defined in AS 25.25.010(2) to encompass the common law duty of parents to support their children. If parents fail to provide for their children, or require or allow others to do so, they are obligated to reimburse those who provide such support. *Johansen v. State,* 491 P.2d 759 (Alaska 1971); *Baggs v. Anderson,* 528 P.2d 141 (Utah 1977); 67A C.J.S. *Parent and Child,* § 66 (1955). In fact, Yandell

has conceded in oral argument that Saask has such a cause of action against him. Yandell simply contends that Saask should be precluded from proceeding under URESA and being represented by the Alaska Attorney General's Office. Yandell's contention is without merit. The purpose of URESA is to facilitate actions for, and collection of, child support. No valid purpose would be served by denying standing to proceed under URESA to someone in Saask's position. Indeed, it would make no sense to deny a child's de facto guardian standing to seek financial support or reimbursement from one legally obligated to support that child.

■ Finally, the responding state in a URESA action should defer to the *initiating* state's determination of a petitioner's standing in most cases.[7] *See, e.g., Watson v. Dreadin,* 309 A.2d at 495. This approach promotes' URESA's goal of providing a simplified two-state procedure by which an obligee may expeditiously enforce an obligor's support duty, with a minimum of expense to the obligee. *See, e.g., Clarkston v. Bridge,* 273 Or. 68, 539 P.2d 1094 (1975).

Therefore, the decision of the superior court is REVERSED and this matter is REMANDED for consideration of Saask's action pursuant to URESA.

6. In *Sudduth,* 394 So.2d 536, a mother and father were divorced, with the father being awarded custody of their handicapped son. However, the child was actually raised and supported by his paternal grandmother. She eventually instituted support proceedings against the child's mother in a URESA action in Tennessee, and she also filed a support action against the child's father in Georgia. The mother argued that the grandmother had no standing to petition for support under URESA. The lower court overruled the mother's objections and found the grandmother to be a proper petitioner for support. On appeal the mother conceded that she had a legal duty to support her son, but

she challenged the grandmother's standing to bring her action because the grandmother lacked "legal custody" of the boy. The Florida appellate court concluded that the grandmother did have standing. *Id.* at 537.

7. Challenges to the initiating state's determination of a URESA petitioner's standing are not entirely foreclosed under this view. While in a responding state's court, a defendant could raise questions as to the initiating state's jurisdiction or its adherence to the demands of due process in making its determination.