**Susan LABRAM; Bart Labram,**
**Plaintiffs–Appellants,**

v.

**James HAVEL, Defendant–Appellee.**

**No. 94–1530.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1994.

Decided Jan. 10, 1995.

Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by published opinion. Senior Judge PHILLIPS wrote the opinion, in which Judge WILLIAMS and Judge MICHAEL joined.

PHILLIPS, Senior Circuit Judge:

Susan and Bart Labram appeal the district court's grant of a Rule 12(b)(6) dismissal of her claims of sexual molestation, breach of fiduciary duty and constructive fraud, and his claim of loss of consortium. Reviewing the grant of a Rule 12(b)(6) dismissal de novo, *Revene v. Charles County Comm'rs,* 882 F.2d 870, 872 (4th Cir.1989), we affirm in part, vacate in part, and remand.

## I.

The Labrams' complaint alleged the following facts. During the summer of 1972, Susan Labram, then single, visited her sister and her husband James Havel at their home in Nevada for a period of about three months. At that time, Susan was almost eighteen years old. During that summer, Havel engaged in nonconsensual sexual relations with Susan at his home in Nevada, and in California, where the family vacationed for one week. Some two years later, Havel forced Susan to engage in sexual intercourse when Havel visited her at college in Michigan.

Some time later, Susan married Bart Labram and later gave birth to a daughter. In August 1992, because of her daughter's behavioral problems, Susan underwent psychotherapy. As a result of this psychotherapy, Susan realized for the first time the wrongfulness of Havel's conduct and the causal relationship between the alleged conduct and her own emotional and marital difficulties. In July 1993, Susan and Bart Labram brought their action against Havel. In a four-count complaint, Susan claimed sexual molestation, breach of fiduciary duty and constructive fraud, while her husband Bart claimed loss of consortium, all based on the incidents of nonconsensual sexual intercourse

**ARGUED:** Keith Alan Rosenberg, Meyer, Faller, Weisman & Rosenberg, P.C., Washington, DC, for appellants. Dorothy Regina Fait, Fait & Malament, Rockville, MD, for appellee. **ON BRIEF:** M. Patricia Morrison, Colorado Springs, CO, for appellants.

that allegedly had occurred in Nevada, California, and Michigan. Havel moved under Rule 12(b)(6) for dismissal of the action on two separate grounds: first, that the Labrams' claims were time barred and second, that the Labrams had failed to allege facts sufficient to state claims for relief. Considering Maryland limitations law to control on the untimeliness ground, the district court ruled that discovery would be required to resolve that issue.[1] Without ruling on that issue, the court then granted Havel's motion to dismiss all of the claims in the complaint, except that for loss of consortium, on other grounds. In a memorandum opinion, the district court pointed to the Labrams' failure to establish which state's substantive law governed the separate claims and granted the Labrams leave to amend their claims pursuant to Fed.R.Civ.P. 10(b).[2]

In their amended complaint, the Labrams based their claims solely on those incidents alleged to have occurred in Nevada. After this amendment, the parties and the court agreed that Nevada supplied the relevant substantive law. Havel then filed a second motion to dismiss. In it, he contended that Susan's primary claim, stated as one for "sexual molestation," is not one recognized by Nevada, and that her claims of breach of fiduciary duty and of constructive fraud failed because of the lack of any fiduciary relationship between the parties as a matter of law. The district court dismissed Susan's three claims, with prejudice, on the grounds urged by Havel, and dismissed Bart's loss of consortium claim with prejudice because it was derivative of Susan's dismissed claims.

This appeal followed.

## II.

We first address the district court's dismissal of Susan's claim for "sexual molesta-

tion." As indicated, the district court dismissed it on the basis that Nevada recognizes no such separate tort action.

While this may be technically correct, it did not warrant dismissal of this claim in a proper application of federal "notice pleading" principles. Under Fed.R.Civ.P. 8(a)(2), a complaint need only set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." And dismissal under Rule 12(b)(6) for failure to state such a claim is proper only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet this extremely modest standard. Even where such a label reflects a flat misapprehension by counsel respecting a claim's legal basis, dismissal on that ground alone is not warranted so long as any needed correction of legal theory will not prejudice the opposing party. *See generally* 5 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1219, at 193–94 (2d ed. 1990) (footnotes omitted). All that is required is that the pleaded claim afford "the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Burlington Industries, Inc. v. Milliken & Co.*, 690 F.2d 380, 390 (4th Cir.1982) (quoting Wright & Miller).

That perfectly describes the situation here. The claim as pleaded is classically one for common-law battery: that Havel intentionally contacted Susan's body in a harmful and offensive manner. *See* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 9, at 39 (5th ed. 1984).[3] To characterize the particular battery charged as one

---

1. Under Maryland's discovery rule, the statutory period does not begin to run until the plaintiff "in fact knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 431 A.2d 677, 680 (1981). The district court properly recognized that factual development would be required to apply that rule.

2. "Each claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates

the clear presentation of the matters set forth." Fed.R.Civ.P. 10(b).

3. As claimants point out, it also sufficiently states claims under Nevada law for both intentional, *Posadas v. City of Reno*, 109 Nev. 448, 851 P.2d 438, 444 (1993), and negligent, *Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 851 P.2d 459, 462 (1993), infliction of emotional distress.

involving "sexual molestation" does not defeat its efficacy as fair notice of the "nature and basis or grounds of the claim" and as a "general indication of the type of litigation involved." From the record, it is obvious that this unneeded legal characterization reflected Susan's counsel's continuing misperception that it might be needed to invoke the favorable "discovery rule" recognized in the Nevada case, *Petersen v. Bruen*, 106 Nev. 271, 792 P.2d 18 (1990), for classical battery cases involving late-discovered childhood sexual abuse. Though it is understandable that counsel's persistence in maintaining this characterization throughout the pleading controversy may have caused confusion for the court, dismissal on its basis nevertheless was not warranted. It is obvious that Havel has been perfectly aware throughout of the legal and factual basis of the claim and will not be prejudiced by having any legal misapprehension underlying the "sexual molestation" label relieved.

### III.

Susan next contends that the district court erred in dismissing her claims for breach of a fiduciary duty and constructive fraud. We disagree.

 Under Nevada law, a fiduciary relationship is an element of a claim for constructive fraud, *Long v. Towne*, 98 Nev. 11, 639 P.2d 528, 530 (1982), as well as one for breach of a fiduciary duty. Although we are bound to accept Susan's factual allegations as true, we are not bound to accept her conclusory allegations regarding the legal effect of the facts alleged. *United Mine Workers of America, Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085–86 (4th Cir.1979). Susan cites no persuasive authority for the proposition that under the facts she alleges, Havel owed her a fiduciary duty at the time of the alleged acts. Although some individuals without legal custody of a minor may, because they are "de facto" guardians, owe a fiduciary duty to the children for whom they care, *see, e.g., Saask v. Yandell*, 702 P.2d 1327 (Alaska 1985), the temporary living situation in this case did not give rise to such a "de facto" guardianship. The limited case law requires a more permanent living ar-

rangement. *See, e.g., Saask*, 702 P.2d at 1328 (eight years); *Sudduth v. Scott*, 394 So.2d 536 (Fla.Ct.App. 4th Dist.1981) (twenty-seven years); *Andrews v. State*, 441 N.E.2d 194 (Ind.1982) ("most of his life"); *Hall v. State*, 264 Ind. 448, 346 N.E.2d 584 (1976) ("several years"). Susan identifies no case in which a temporary living situation, such as the one in this case, resulted in the adult standing in a fiduciary relationship with the child. Because Susan cannot prove any set of facts that would entitle her to relief, the district court did not err in dismissing these claims with prejudice. *Conley*, 355 U.S. at 45–46, 78 S.Ct. at 102; *Faulkner Advertising Assocs., Inc. v. Nissan Motor Corp.*, 905 F.2d 769, 771–72 (4th Cir.1990).

### IV.

Finally, Bart Labram contends that the court erred by dismissing his claim for loss of consortium. Because his entitlement to maintain this claim is not clear on the present record, we must remand it for further consideration.

 The district court dismissed the loss of consortium claim because, being derivative in nature, it could not survive the dismissal of Susan Labram's primary claims. *Gunlock v. New Frontier Hotel Corp.*, 78 Nev. 182, 370 P.2d 682, 684 n. 1 (1962). If this were the sole basis upon which dismissal of this claim was proper, it would have to be reinstated now that Susan Labram's claims for battery and infliction of emotional distress have been found well-pleaded. It may not be the sole basis, however. The general rule is that a spouse may not recover for loss of consortium if he was not married to the victim of the primary wrong at the time of her injury, as Bart was not then married to Susan. Charles Plovanich, Annotation, *Recovery for Loss of Consortium for Injury Occurring Prior to Marriage*, 5 A.L.R. 4th 300, 301 (1981). Some courts, however, have allowed recovery when a "significant relationship" existed. The Nevada state courts have not had the opportunity to adopt or reject a rule on the matter, though one federal district court has opined that the Nevada Supreme Court would not arbitrarily reject a loss of consortium claim on the basis of non-

marriage if there were, however, a "significant relationship." *Norman v. General Motors Corp.*, 628 F.Supp. 702, 706 (D.Nev. 1986). While we might assume that Nevada would follow the majority rule and disallow the claim because of non-marriage, we believe the better course is to vacate the dismissal of this claim and remand it for further proceedings. This may include the necessity to determine first instance whether non-marriage would defeat the consortium claim under Nevada law.

For the foregoing reasons, the judgment of the district court is affirmed in part, vacated and remanded in part for further proceedings.

*SO ORDERED.*