**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILKINS BUICK, INCORPORATED,
Plaintiff-Appellant,

v.                                                                No. 99-2317

GENERAL MOTORS CORPORATION,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-98-2795-L)

Argued: April 6, 2000

Decided:  May 2, 2000

Before WILKINS and MICHAEL, Circuit Judges, and
Patrick Michael DUFFY, United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Walter Eugene Forehand, MYERS, FOREHAND &
FULLER, P.A., Tallahassee, Florida, for Appellant. Daniel Lee Gold-
berg, BINGHAM DANA, L.L.P., Boston, Massachusetts, for Appel-
lee. **ON BRIEF:** Loula M. Fuller, MYERS, FOREHAND &
FULLER, P.A., Tallahassee, Florida, for Appellant. Alicia L. Dow-
ney, BINGHAM DANA, L.L.P., Boston, Massachusetts, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wilkins Buick, Inc. appeals an order of the district court dismissing its complaint against General Motors Corporation ("GM") pursuant to Federal Rule of Civil Procedure 12(b)(6). In its complaint, Wilkins Buick alleged tortious interference with business relations, bad faith breach of contract, and violation of a Maryland statute, see Md. Code Ann., Transp. II § 15-305(e), (f) (1999). Finding no error, we affirm.

I.

The facts, viewed in the light most favorable to Wilkins Buick, are as follows. Wilkins Buick is an automobile dealership located in Glen Burnie, Maryland. Wilkins Buick and GM are parties to a "Dealer Sales and Service Agreement" (the Dealer Agreement), the purpose of which is "to promote a relationship between[the Buick Motor Division of GM] and its Dealers which encourages and facilitates cooperation and mutual effort to satisfy customers, and permits Division and its dealers to fully realize their opportunities for business success." J.A. 31. Buick is one of six "line-makes" manufactured by GM. Wilkins Buick sells only Buicks, while other dealerships in the Glen Burnie area sell other line-makes.

In 1996, GM announced "Project 2000," a corporate strategy that encouraged the alignment of GM line-makes within dealerships in order to maximize sales of GM products. As relevant here, Project 2000 called for Wilkins Buick to continue as a Buick dealer and for an alignment of Buick, Pontiac, and light-duty GMC Truck line-makes together at a single location. Wilkins Buick viewed Project 2000 as an opportunity to expand its operations. The GM coordinator for Project 2000 encouraged Wilkins Buick to proceed with efforts to align the dealership with Pontiac and GMC Truck franchises in Glen Burnie.

2

In 1997, Wilkins Buick entered into negotiations with Dovell & Williams, Inc. ("D&W") to purchase its GMC Truck franchise. Additionally, Wilkins Buick began negotiating with Admiral Pontiac, Inc. (Admiral), a dealership located next door to Wilkins Buick, to purchase its Pontiac franchise. During negotiations between Wilkins Buick and D&W, Wilkins Buick learned that GM was in negotiations with D&W to purchase the truck franchise. D&W thereafter informed Wilkins Buick that it would accept GM's offer even though GM had offered D&W less for the franchise because GM could close the deal immediately, whereas under the franchise agreements, a deal between D&W and Wilkins Buick would have to be approved by GM. Soon after Wilkins Buick learned that its negotiations with D&W had failed, Wilkins Buick learned that GM was in final negotiations with Admiral for the purchase of the Pontiac franchise. Additionally, Wilkins Buick learned that GM planned to combine the GMC Truck franchise and the Pontiac franchise at the Admiral location, next door to Wilkins Buick.

In January 1998, Wilkins Buick offered to buy the two franchises from GM, but GM refused. Later in 1998, a company controlled by GM relocated the GMC Truck franchise to the location of the former Admiral Pontiac dealership, where, after being granted a vehicle dealer license by the State of Maryland, it operated the combined Pontiac-GMC Truck dealership. Although the assets of the combined dealership were later sold, GM continued to hold a majority interest in the dealership.

Wilkins Buick subsequently filed this action, alleging that GM had (1) wrongfully interfered with business relationships; (2) committed a bad faith breach of the Dealer Agreement; and (3) violated a Maryland statute restricting the licensing of motor vehicle manufacturers as dealers and prohibiting the sale by manufacturers or their agents of new motor vehicles to retail buyers, see Md. Code Ann., Transp. II § 15-305(e), (f). The district court granted GM's motion to dismiss, reasoning that Wilkins Buick could prove no set of facts that would entitle it to relief on the claims as pleaded. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

3

II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly granted GM's motion to dismiss. Accordingly, we affirm on the reasoning of the district court. See Wilkins Buick, Inc. v. General Motors Corp., No. L-98-2795 (D. Md. Sept. 8, 1999).

AFFIRMED

4