**Simon L. RICHARD and Patricia M. Richard, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Case No. 1:10–cv–562 GBL.**

United States District Court, E.D. Virginia, Alexandria Division.

Oct. 5, 2010.

Simon L. Richard, Alexandria, VA, pro se.

Patricia M. Richard, Alexandria, VA, pro se.

Dennis Carl Barghaan, Jr., United States Attorney's Office, Alexandria, VA, for Defendant.

### *MEMORANDUM ORDER*

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Dismiss. (Dkt. No. 6.) This case concerns Plaintiffs' allegations that the Internal Revenue Service ("IRS") improperly assessed liens against Plaintiffs and failed to release a federal tax lien issued against Plaintiffs. There are two issues before the Court. The first issue is whether Plaintiffs' claim under I.R.C. § 7432 (2006), which provides for a civil right of action if the IRS fails to release a federal tax lien, should be dismissed because Plaintiffs' tax lien allegedly "self-released" four years before Plaintiffs requested a lien release. The second issue

is whether Plaintiffs' tax assessment claim brought under I.R.C. § 7433 (2006), which prohibits improper tax collection practices by the IRS, should be dismissed as time-barred.

The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7432 claim because Plaintiffs' federal tax lien self-released four years before Plaintiffs requested a tax lien release. The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7433 claim because it has been filed outside of the two year statute of limitations.

## I. BACKGROUND

In August 2009, Plaintiffs Simon and Patricia Richard tried to purchase a home, but their loan application was denied by Navy Federal Credit Union because of a federal tax lien on their credit report. (Compl. Attach. O.) On August 12, 2009, Plaintiffs sent a letter to the IRS requesting a removal of the federal tax lien issued against their 1991 and 1992 taxes. (Compl. Attach. 1.) On September 23, 2009, the IRS responded to Plaintiffs' letter by indicating that the lien had "self-released" on October 25, 2005. (Compl. Attach. 2.)

Plaintiffs' first lien stems from a pre-assessment of Plaintiffs' 1991 and 1992 taxes conducted by the IRS on August 28, 1995. (Compl. ¶ 2.) On May 27, 1996, after the pre-assessment, the IRS sent Plaintiffs a notice regarding their intent to levy Plaintiffs' property for money owed on their 1991 and 1992 taxes. (Compl. Attach. F, G.)

The IRS did not immediately levy Plaintiffs' property. Instead, on September 17, 1996, the IRS issued a federal tax lien against Plaintiffs in the amount of $13,643.00 for their 1991 and 1992 taxes. (Compl. Attach. 4.) Plaintiffs argue that the amount assessed by the IRS was improper. (Compl. ¶ 2.) However, Plaintiffs began paying $380 per month toward the lien. (Compl. 4.) The lien was released on October 25, 2005. (Compl. Attach. 2.)

On September 8, 2000, the IRS issued a second lien against Plaintiffs for nonpayment of their 1993 and 1997 taxes. (Compl. Attach. J.) On January 1, 2003, Plaintiffs filed suit against the IRS in the United States Tax Court, claiming that the lien filed against their 1993 and 1997 taxes was incorrectly assessed. (Compl. Attach. K.) On September 2, 2004, the IRS began garnishing Plaintiffs' employment checks to settle the balance owed on this lien. (Compl. ¶ 5.) Finally, on August 24, 2006, the tax court concluded that Plaintiffs' obligation under the 1993 and 1997 tax lien had been satisfied. (Compl. Attach. M.) Plaintiffs contend that the IRS improperly assessed this lien. (Compl. ¶ 5.)

On May 28, 2010, Plaintiffs filed their Complaint in this Court under I.R.C. sections 7432–33 seeking damages because of their inability to buy a house due to the allegedly improperly assessed federal tax liens. (Dkt. No. 1.) Plaintiffs contend that:

(1) the IRS failed to release the federal lien issued against Plaintiffs' 1991 and 1992 taxes;

(2) the IRS incorrectly assessed Plaintiffs' tax liability for Plaintiffs' 1991 taxes; and

(3) the IRS incorrectly assessed Plaintiffs' tax liability for Plaintiffs' 1993 and 1997 taxes.

Defendant now moves the Court to dismiss the Complaint in its entirety for failure to state a claim. (Dkt. No. 6.)

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 561, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted); *see* Fed.R.Civ.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted).

■ To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.; Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of [what] the plaintiff's claim [is] and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955.

### III. ANALYSIS

The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7432 claim because Plaintiffs' federal tax lien was released on October 25, 2005. The Court also grants Defendant's Motion to Dismiss as to Plaintiffs' section 7433 claim because this claim is barred under the applicable statute of limitations.

### A. Plaintiffs' I.R.C. Section 7432 Claim

■ The Court grants Defendant's Motion to Dismiss as to Plaintiffs' federal tax lien claim under I.R.C. section 7432 because the tax lien was released four years before Plaintiffs contacted the IRS about removing the lien. Section 7432 provides a civil right of action for private parties against the United States when the IRS "knowingly, or by reason of negligence, fails to release a [tax] lien under section 6325." I.R.C. § 7432(a). Section 6325 states that "the Secretary shall issue a certificate of release of any lien imposed with respect to any internal revenue tax not later than [thirty] days after … the Secretary finds that the liability … has been fully satisfied…." I.R.C. § 6325(a)(1) (2006).

Here, Plaintiffs contacted the IRS on August 12, 2009, about releasing their 1991 and 1992 tax lien. (Compl. ¶ 1.) The IRS responded on September 23, 2009, informing Plaintiffs that the lien self-released on October 25, 2005, and attached a copy of the original lien form that indicates the lien was released. (Compl. Attach. 2.) Therefore, Plaintiffs have not stated a cognizable claim under section 7432 because the lien automatically released on October 25, 2005.

Plaintiffs argue that the lien did not release because Navy Federal Credit Union denied their loan application based on a federal tax lien on their credit report. (Compl. Attach. 1.) During the hearing on this matter, Plaintiffs expressed frustra-

tion about the lien's presence on their credit report and how it has impeded their dream of buying a home. The Court does not control lenders or credit reporting agencies. This Order is to clarify that: (1) there is no current federal tax lien of any kind active or validly present against Mr. Simon L. Richard or Mrs. Patricia L. Richard; (2) credit reporting agencies may not and should not falsely report a current tax lien against Simon L. Richard or Patricia L. Richard; and (3) the tax lien was released on October 25, 2005, by operation of the law as stipulated on the face of the lien. For the foregoing reasons, Defendant's Motion to Dismiss as to Plaintiffs' federal tax lien claim is granted.

### B. Plaintiffs' I.R.C. Section 7433 Claim

■ The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7433 tax assessment claim because the claim is time-barred under the applicable statute of limitations. Section 7433 states that "an action may be brought ... only within [two] years after the date the right of action accrues." I.R.C. § 7433(d)(3). A tax collection right of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433–1 (2010). This provision has been interpreted to mean the point at which plaintiffs possess sufficient "critical facts" to understand their potential injury without knowledge of the appropriate legal remedy. *See generally United States v. Kubrick,* 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (holding that the plaintiff's right of action for medical malpractice under the Federal Tort Claims Act accrued when he knew of his potential post-surgery injury and not when he discovered the cause of his injury or the appropriate legal recourse); *see also Dziura v. United States,* 168 F.3d 581, 583 (1st Cir.1999) (holding that taxpayers'

claim under section 7433(a) accrued when they became aware of the "critical facts" related to the claim). Additionally, any civil action for damages under section 7433 must be "in connection with any [improper] collection of Federal tax ...." § 7433(a). The language of section 7433 provides that the civil complaint must allege some violation in the collection of federal taxes and not improper assessment of taxes. *See Judicial Watch, Inc. v. Rossotti,* 317 F.3d 401, 411 (4th Cir.2003) ("To be sure, [section] 7433 provides for a 'civil remedy' only for damages arising from the 'collection' of taxes, not for damages arising from the investigation and determination of tax liability.").

Here, the IRS issued tax liens against Plaintiffs in 1997 and 2000, and garnished Plaintiffs' wages in 2004. Plaintiffs were aware of these liens and garnishment because the IRS notified Plaintiffs each time before issuing the liens or garnishing Plaintiffs' wages. (Compl. 2–5.) Also, Plaintiffs endured an assessment period before the IRS issued the lien against their 1991 and 1992 taxes. Therefore, once the IRS issued the liens and garnished Plaintiffs' wages, they possessed sufficient critical facts to recognize any potential wrongdoing. As such, at the latest, Plaintiffs' cause of action under section 7432 began to accrue in 2004 when the IRS garnished Plaintiffs' wages, thereby making 2006 the latest time period the action could have been filed. Because Plaintiffs filed their Complaint on May 28, 2010, four years after the deadline set by the statute of limitations, the action is time-barred.

■ Additionally, even if Plaintiffs' claim was not time-barred, it is outside the scope of section 7433. Section 7433 pertains to claims of improper tax collection, not tax assessment. § 7433. Here, Plaintiffs allege that: (1) the IRS's quick as-

sessment of Plaintiffs' 1991 and 1992 taxes was improper; (2) the IRS illegally charged interest on Plaintiffs' 1991 taxes; and (3) the IRS illegally charged penalties on certain unspecified taxes owed by Plaintiffs. (Compl. ¶ 2.) All of these allegations are intended to support Plaintiffs' section 7433 claim but none of these charges are related to improper tax collection by the IRS. Plaintiffs' counter this point by arguing that the United States has waived any right to immunity from these claims based on their participation in the tax court litigation. (Pls.' Opp'n 3.) This argument is unsound because no suit can be brought against the United States unless it is in strict compliance with the terms of the applicable statute. See *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). Therefore, Plaintiffs' section 7433 claim fails, and the Court grants Defendant's Motion to Dismiss.

## IV. CONCLUSION

The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7432 claim because Plaintiffs' federal tax lien released on October 25, 2005. The Court grants Defendant's Motion to Dismiss as to Plaintiffs' section 7433 claim because the claim is barred by the applicable statute of limitations. Accordingly, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED.