**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1749**

ETHEL POWELL,

                Plaintiff - Appellant,

      v.

STATE FARM FIRE AND CASUALTY COMPANY,

                Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, Chief District Judge.  (4:16-cv-02795-RBH)

Submitted:  March 11, 2019                Decided:  March 18, 2019

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Duncan, LAW OFFICE OF WILLIAM STUART DUNCAN, PA, Georgetown, South Carolina, for Appellant.  Charles R. Norris, Robert W. Whelan, NELSON MULLINS RILEY & SCARBOROUGH LLP, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ethel Powell appeals after a jury returned a verdict in favor of State Farm Fire and Casualty Company ("State Farm") on her breach of contract claim. On appeal, Powell claims that State Farm violated South Carolina law by failing to make a meaningful offer of underinsured motorist ("UIM") coverage, the newly acquired auto provision of the insurance policy conflicted with South Carolina law to the extent State Farm did not offer an additional $100,000 UIM coverage on a new vehicle, and that the policy should be reformed to include the additional $100,000 in UIM coverage. We affirm the district court's judgment.

State Farm contends that Powell did not adequately plead her meaningful offer theory in her complaint, and we agree. We have consistently held that plaintiffs are "not required to use any precise or magical words in their pleading." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 418 (4th Cir. 2014). Instead, a claim must "afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) (internal quotation marks omitted). However, "[i]t is [equally] well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Powell's complaint only alleged a breach of contract claim. However, her meaningful offer theory relies on State Farm's alleged violation of state law. *See Ray v. Austin*, 698 S.E.2d 208, 212 (S.C. 2010). The complaint did not place State Farm on

2

notice that it breached a duty under state law. Powell does not claim that State Farm breached the insurance contract by failing to offer UIM coverage. Moreover, if State Farm breached its duty under South Carolina law to make a meaningful offer of UIM coverage, "the policy will be reformed by operation of law to include UIM coverage up to the limits of liability insurance carried by the insured." *Id.* However, Powell's complaint did not seek reformation as a remedy.

While Powell contends that she has preserved her argument for review by raising it in opposition to State Farm's motion in limine, we conclude that she did not. "Motions in limine preserve issues that they raise without any need for renewed objections at trial, just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 286 (4th Cir. 2000) (internal quotation marks omitted). Here, Powell's opposition to State Farm's motion in limine sought to allow her to introduce testimony on State Farm's agent's "understanding of the legal obligation for . . . agents like himself to make meaningful offers of [UIM] coverage." (J.A. 293 (internal quotation marks omitted)).[1] However, Powell is not arguing that the district court erred in excluding this testimony, nor does she request that we order a new trial. Instead, she requests that we direct the entry of judgment in her favor. Because Powell did not request this relief below, nor could the district court grant

---

[1] "J.A." refers to the Joint Appendix filed by the parties.

this relief to Powell on her opposition to State Farm's motion in limine, her opposition to the motion in limine did not preserve this issue for appellate review.[2]

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Additionally, we note that Powell does not challenge the jury's verdict that her husband and State Farm did not agree to a fourth insurance policy, nor did she make a motion under Fed. R. Civ. P. 50(a) at the close of the evidence. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017); *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 348 (4th Cir. 2014).