James ALDERMAN, et al.

v.

**BALTIMORE CITY POLICE DEPARTMENT, et al.**

Katie TAYLOR, et al.

v.

**MAYOR AND CITY COUNCIL OF BALTIMORE.**

Nos. L–94–2830, L–96–855.

United States District Court, D. Maryland.

Jan. 28, 1997.

Michael Marshall, Baltimore, MD, for plaintiffs in L–94–2830.

Francis J. Collins, Baltimore, MD, for plaintiffs in L–96–855.

Otho M. Thompson, City Solicitor, and James S. Ruckle and Robert B. Levin, Assistant City Solicitors, for defendants in L–94–2830 and L–96–855.

*MEMORANDUM*

LEGG, District Judge.

Plaintiffs in these related cases, current and former employees of the Baltimore City Police Department ("BCPD"), have filed suit alleging violations of the Fair Labor Standards Act ("FLSA").[1]  29 U.S.C. §§ 207(a),

---

**1.** The *Taylor* plaintiffs have alleged additional claims under similar state and local statutes.

216(b). The *Alderman* defendants have submitted a Motion for Summary Judgment; the *Taylor* defendants have submitted a Motion to Dismiss. For the reasons stated below, this Court shall, by separate Order, DENY both Motions.

## I. Background

On October 12, 1994, 38 law enforcement officers filed suit against the BCPD and its Commissioner, claiming unpaid compensation for time spent caring for police canines. (Alderman Am.Compl. ¶¶ 6–11). On March 21, 1996, a similar suit was filed against the Mayor and City Council of Baltimore by 107 dispatchers, communication assistants, crime laboratory technicians and trainees. (Taylor Compl. ¶ 3). Because the parties and essential claims and defenses are similar, this Court shall address both motions in this Memorandum and accompanying Order.

## II. Standard of Review

### A. Motion to Dismiss

A Complaint should not be dismissed for failure to state a claim under Fed.R.Civ.P. ("Rule") 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995). The liberal pleading requirements of Rule 8(a) demand only a "short and plain" statement of the claim. A Complaint must be dismissed if the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1) & (h)(3).

### B. Summary Judgment

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Rule 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987); *Ross v. Communications Satellite Corp.,* 759 F.2d 355 (4th Cir.1985).

## III. Discussion

Defendants contend that the BCPD is an agency of the State of Maryland. (Suppl. Mem. Supp. Mot. Summ. J. ("Suppl. Mot.") at 1). If the BCPD were a state agency, it would be immune from suit under the Eleventh Amendment, and the Mayor and City Council would not be subject to liability for its actions. (*Id.*) This Court finds defendants' argument unpersuasive.

The Eleventh Amendment shields states from suit brought by citizens in federal court.[2] This immunity extends to state agencies that may properly be characterized as "arms" of the state, as well as to state employees acting in their official capacity. *Harter v. Vernon,* 101 F.3d 334, 336 (4th Cir. 1996) (citing *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (1977); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)). The Eleventh Amendment, however, affords no protection to *local* government entities and employees. *Harter,* 101 F.3d at 336–37.

Recent decisions by the Supreme Court and Fourth Circuit have clarified the test used to determine whether an agency is categorized as a state or local entity—hence, whether or not it warrants Eleventh Amendment protection. Relying on *Hess v. Port Auth. Trans–Hudson,* 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994), the Fourth Cir-

---

Md.Code.Ann., Lab. & Empl. §§ 3–401, 3–501 (1991); Balt.City Code art. 19, § 63.

**2.** Although by its terms the Eleventh Amendment applies only to suits brought against a state by "Citizens of another State," it is beyond dispute that "an unconsenting State is immune from

suits brought in federal courts *by her own citizens* as well as by citizens of another State." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (emphasis added).

cuit held that "the most important factor is whether the state treasury will be pay any resulting judgment." *Harter*, 101 F.3d at 338–39. Finding this factor largely, if not wholly, "dispositive," the Fourth Circuit held that, "if the state treasury will pay the judgment, the entity is immune from suit." *Id.* (citing *Hess*, 513 U.S. at 47–51, 115 S.Ct. at 404–06).

If the state treasury is unaffected, the Fourth Circuit advised district courts to consider the following three factors:

(1) Whether the agency exercises a significant degree of autonomy from the state;

(2) Whether the agency is involved in local versus statewide concerns; and

(3) How the agency is classified under state law.

*Id.* at 340. *See also Ram Ditta v. Maryland Nat'l Capital Park and Planning Comm.,* 822 F.2d 456 (4th Cir.1987); *Gray v. Laws,* 51 F.3d 426, 434 (4th Cir.1995).

Applying this framework to the case at hand, this Court concludes that the BCPD is a City agency. Under *Harter*, the primary factor is whether the judgment would be paid from the state treasury. Defendants have offered no evidence to show that the state treasury would be affected. In fact, in numerous other cases, the City of Baltimore has paid settlements and judgments against the BCPD, and, in 1981, adopted a resolution indemnifying all BCPD employees. (*Alderman* Resp.Suppl.Mot. ("Resp.") at 2, Ex. 1). Under *Harter*, therefore, " 'the most salient factor in Eleventh Amendment decisions' weighs against a finding of immunity." 101 F.3d at 339 (citing *Hess*, 513 U.S. at 48, 115 S.Ct. at 404). With this in mind, the Court will consider the three subsidiary factors.

First, this Court finds that the City exercises a significant degree of control over the BCPD. For example, the City determines how many BCPD employees to hire, reviews employment applications, sets employee salaries, and offers medical insurance. (Resp. at 4, Ex. 1). When the BCPD is sued, the City provides legal representation; if individual employees are sued in their official capacity, the City indemnifies them for their legal expenses. (*Id.;* Suppl.Mot., Ex. 1). Training of new hires is performed at the BCPD academy, not at a state facility. (Resp. at 9–10, Ex. 6).

In addition, the City appoints the Police Commissioner, sets his salary, expects regular reports, and may remove him if desired. (Resp. at 6, 7, 12, Ex. 1). Of the BCPD's $204 million budget, the City appropriates $180.9 million—nearly 90%.[3] (Suppl.Mot., Ex. 1). To summarize this factor, the BCPD's close links with the City weigh in favor of treating it as a City agency.

Second, this Court concludes that the BCPD functions are "unquestionably local." *Hess*, 513 U.S. at 45, 115 S.Ct. at 403. Defendants contend that the BCPD enforces the state criminal and traffic codes, and thus is primarily involved with statewide concerns. The Fourth Circuit rejected this argument in *Harter*. 101 F.3d at 340–42. Although the BCPD may enforce state laws, its jurisdiction is limited to Baltimore City and it is ultimately responsible to the City. (Md.Public Local Laws art. 4, § 16–2(a), (b)). Thus, this factor weighs in favor of treating the BCPD as a City agency.

Lastly, this Court will consider the categorization of the BCPD under state law. Defendants point out that the BCPD is "constituted and established as an agency and instrumentality of the State of Maryland." Md.Public Local Laws art. 4, § 16–2(a), (b). *See also Clea v. Baltimore,* 312 Md. 662, 668, 541 A.2d 1303 (1988); *Ashton v. Brown,* 339 Md. 70, 104 n. 18, 660 A.2d 447 (1995). The Fourth Circuit, however, has criticized cases "that have mistakenly treated a state court decision as to whether an entity is a state actor as determinative."[4] *Harter*, 101 F.3d at 342.

---

3. The remainder is funded by special federal and state grants and the proceeds of forfeitures. (Resp. at 4).

4. Moreover, the Fourth Circuit made clear that "questions of eleventh amendment immunity are ultimately governed by federal law." *Ram Ditta,* 822 F.2d at 459–60. Federal courts may, therefore, consider the rationales used by state courts but should not allow them to dominate the inquiry. *Id.*

In sum, there is no evidence that a judgment against the BCPD would be drawn from the Maryland state treasury. After considering the subsidiary factors, this Court concludes that the BCPD is an arm of the City, not the state. As a City agency, the BCPD is not entitled to Eleventh Amendment immunity, and the Mayor and City Council are subject to liability. Accordingly, defendants' Motions shall, by separate Order, be DENIED.

### IV. Conclusion

For the reasons stated above, this Court shall, by separate Order, (1) DENY the Motion for Summary Judgment filed by the Police Department and Commissioner in *Alderman*, and (2) DENY the Motion to Dismiss filed by the Mayor and City Council of Baltimore in *Taylor*.