Tess ROHAN

v.

NETWORKS PRESENTATION LLC

No. CIV. JFM–01–1749.

United States District Court,
D. Maryland.

April 1, 2002.

Jonathan C. Dailey, Dailey and Associates Chtd., Washington, DC, Peter Cohen, Law Office, Rockville, MD, for plaintiff.

Bruce L. Marcus, Marcus and Bonsib, Greenbelt, MD, for defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiff Tess Rohan has brought an action for employment discrimination under the Americans with Disabilities Act ("ADA," or "the Act"), 42 U.S.C. § 12101 *et seq.*, adding related common law tort and contract claims. Earlier, I dismissed two of plaintiff's three counts under the ADA. *See Rohan v. Networks Presentation LLC*, 175 F.Supp.2d 806, 810, 814 (D.Md. 2001). Plaintiff then amended her complaint to restate one of the dismissed counts under a different provision of the Act. Defendant Networks Presentation LLC ("Networks") has moved to dismiss that claim, which is Count II of the amended complaint, under Fed.R.Civ.P. 12(b)(6). The motion will be denied.

## I.

Rohan, an actress with a touring theater company, appeared in a production of "Jekyll & Hyde" until December 6, 2000, when she was fired. She alleges that she suffers from mental disabilities and depression as a result of past incest and sexual abuse. She challenges both her firing and an alleged incident on September 13, 2000 in which she claims she was forced by Networks to reveal her disabilities to her fellow cast members.[1]

Initially, Rohan's complaint contained three counts under the ADA: wrongful discharge, failure to accommodate, and violation of the ADA's medical confidentiality provision, 42 U.S.C. § 12112(d). I dismissed the failure to accommodate claim because I found Rohan had not exhausted her administrative remedies as to that claim. *See id.* at 810. I dismissed Rohan's claim under the confidentiality provision because I found she had not disclosed her disability in a voluntary medical history or as a result of an employer inquiry, the categories to which § 12112(d) applies. *See id.* at 814. Rohan's third ADA claim, wrongful termination, survived the motion to dismiss, as did her common law claims. *See id.* at 813–14, 816.

Rohan subsequently amended her complaint to restyle the claim she initially had made under 42 U.S.C. § 12112(d). She now asserts that by forcing her to disclose her disabilities to her co-workers, Networks violated 42 U.S.C. § 12112(a), the ADA's general prohibition of disability-based discrimination. Defendant asserts that the claim is legally deficient and that plaintiff has not alleged facts adequate to support it.[2]

---

1. The facts of this case are more fully set forth in *Rohan*, 175 F.Supp.2d at 808–09.

2. Defendant also appears to argue that plaintiff has not exhausted her administrative remedies as to this claim. However, the claim

## II.

### A.

42 U.S.C. § 12112(a) provides: "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(b) elaborates on 42 U.S.C. § 12112(a), listing seven types of disability discrimination.

■ Defendant asserts that plaintiff has not alleged discrimination under any of the categories set forth in 42 U.S.C. § 12112(b), and thus she fails to state a claim under 42 U.S.C. § 12112(a). This argument fails for two reasons. First, by its plain language, § 12112(b) does not purport to limit the types of discrimination prohibited by the ADA. Rather, it is illustrative, stating that "the term 'discriminate' *includes* " the types of discrimination that § 12112(b) lists. 42 U.S.C. § 12112(b) (emphasis added). Second and more importantly, defendant's argument fails to recognize the breadth and significance of the "terms, conditions, and privileges of employment" language in § 12112(a) upon which plaintiff has based her amended Count II. *Cf. Oncale v. Sundowner Offshore Serv., Inc.,* 523 U.S. 75, 78, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (explaining

that similar language in Title VII should be interpreted broadly to include "the entire spectrum of disparate treatment ... in employment") (*quoting Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 64, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)).

■ The Fourth Circuit has held that the ADA's prohibition against discrimination in the "terms, conditions, and privileges of employment" provides a cause of action for a hostile work environment based on disability discrimination. *See Fox v. General Motors Corp.,* 247 F.3d 169, 175–76 (4th Cir.2001) [3]; *see generally* Brian L. Porto, *Actions under Americans with Disabilities Act (42 U.S.C.A. § 12101 et seq.) to remedy alleged harassment or hostile work environment,* 162 A.L.R. Fed. 603 (2000) (noting that a majority of courts have recognized such a cause of action). Although plaintiff has not explicitly stated that she is making a hostile work environment claim under the ADA, she has premised Count II of her amended complaint on 42 U.S.C. § 12112(a) and alleged that the acts of which she complained constituted discrimination as to "a term and condition of continued employment." (Am. Compl.¶ 148.) Further, plaintiff's allegation regarding the September 13, 2000 incident fits within the broad framework of allegations courts have considered in hostile work environment claims. *See, e.g., Davis v. York Int'l Inc.,* 1993 WL 524761, at *10 (D.Md.1993) (finding actionable as a

---

centers on the alleged disclosure of Rohan's confidential medical information, a matter which she explicitly addressed in her Equal Employment Opportunity Commission ("EEOC") charge of discrimination. (*See* Def.'s Mem. Ex. 1.) Further, plaintiff's EEOC charge both specified that she had been subjected to disability discrimination and stated a cause of action under the ADA. Therefore, I find plaintiff did administratively exhaust this claim. *See, e.g., Evans v. Tech. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir.1996)

(finding actionable claims that are "stated in the initial charge").

**3.** The Fourth Circuit explained that the Supreme Court has held that "very similar language" in Title VII, 42 U.S.C. § 2000e–2(a), creates a cause of action for a hostile work environment. *Fox,* 247 F.3d at 175. It also noted that the ADA and Title VII have the same purpose of prohibiting employment discrimination, and that the ADA "echoes and expressly refers to Title VII ...." *Id.* at 176.

hostile environment claim under the ADA conduct by a supervisor who, *inter alia*, "fostered an atmosphere of resentment and pity" among the plaintiff's co-workers and "denigrated her abilities both in private and in front of fellow employees").[4]

### B.

▮ To state a hostile work environment claim under the ADA, a plaintiff must establish:

(1) he is a qualified individual with a disability;

(2) he was subjected to unwelcome harassment;

(3) the harassment was based on his disability;

(4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and

(5) some factual basis exists to impute liability for the harassment to the employer.

*Fox*, 247 F.3d at 177. In considering whether plaintiff pleads an adequate factual predicate for her claim, I accept the facts as alleged by the plaintiff as true and "liberally construe[ ]" the complaint in her favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (explaining that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

▮ Plaintiff's complaint states a claim for relief based on each prong of the analysis set forth in *Fox*. In her amended complaint, plaintiff specifically alleges that she was disabled or regarded as disabled,[5] and that she was subjected to workplace harassment based on her disability. (Am. Compl.¶ 132, 137–40.) Defendant's arguments about the factual adequacy of plaintiff's amended complaint revolve primarily around whether, in the words of *Fox*, plaintiff was subjected to "unwelcome harassment." Defendant asserts that plaintiff voluntarily revealed the information about her disabilities and her past at the cast meeting, in contradiction to plaintiff's assertion that she was forced to make the revelations. However, on a motion to dismiss, the court's role is not to weigh the evidence or assess plaintiff's credibility, but rather to accept plaintiff's assertions as true. I therefore find her allegation that she acted under duress (*see* Am. Compl. ¶ 130) to be adequate to satisfy the requirement of unwelcome harassment.

Plaintiff also has alleged facts that could demonstrate discrimination that was "sufficiently severe or pervasive" that it altered the terms or conditions of her employ-

---

4. Defendant is not prejudiced by my construction of plaintiff's Count II and corresponding denial of its motion to dismiss. *Cf. Labram v. Havel*, 43 F.3d 918, 920 (4th Cir.1995) (stating that a court is not warranted in dismissing a complaint where the plaintiff does not properly frame her legal theory "so long as any needed correction of legal theory will not prejudice the opposing party"). Discovery would have had to continue anyway on the surviving ADA claim and the common law invasion of privacy claim. Together, those counts involve the same issues as does Count II of the amended complaint—namely, plaintiff's alleged disabilities and the September 13, 2000 incident. To the extent defendant would have raised additional legal arguments on this motion had it understood plaintiff to be making a hostile environment claim, it may argue those issues by way of a summary judgment motion after discovery is completed.

5. I found previously that Rohan had stated a claim that she was actually disabled. *See Rohan*, 175 F.Supp.2d at 813. I did not decide whether she had stated a claim that she was "regarded" as disabled. *See id.* at 812 n. 7.

ment. Plaintiff alleges that she was forced to divulge to approximately 30 fellow cast members intimate personal details in order not to "jeopardize[ ]" her continued employment, including telling her co-workers that she is an "incest survivor," had been sexually abused by her father, suffers from mental impairments, and, as a result, takes medication and receives treatment from a mental health professional. (Am. Compl.¶¶ 124–26, 129.) Although plaintiff's Count II alleges only this single incident, such an incident viewed in the light most favorable to plaintiff could be found to be severe enough to adequately support her claim, considering the unusually intimate and personal subject matter, the number of people to whom she was forced to reveal the personal details, and the role of management in the incident. *Cf. Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (noting that isolated incidents, if "extremely serious," can constitute "discriminatory changes in the 'terms and conditions of employment' ").

Finally, plaintiff also alleges an adequate factual basis for the imputation of liability to Networks. She claims that a Networks manager forced her to make the disclosure, reviewed her statement before she delivered it to the cast, and observed the incident along with another manager. (*See* Am. Compl. ¶¶ 124–31.) Therefore, defendant's motion will be denied.[6]

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 1st day of April 2002

ORDERED that defendant's motion to dismiss Count II of the Amended Complaint is denied.

---

6. Defendant's motion also refers to Fed. R.Civ.P. 12(e), although defendant does not move for a more definite statement. Motions for a more definite statement are appropriate only where a pleading is "so vague or ambig-uous that a party cannot reasonably be required to frame a responsive pleading …." Fed.R.Civ.P. 12(e). The amended complaint in this case is not so vague that defendant is precluded from responding to it.