Kathryn Lea **HARMAN**, Plaintiff,

v.

**UNISYS CORPORATION**, Defendant.

**Case No. 1:08–cv–542 (GBL).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 17, 2010.

---

Kathryn Lea Harman, Reston, VA, pro se.

George Bradley Breen, Epstein Becker & Green PC, Washington, DC, for Defendant.

## MEMORANDUM ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on: (1) Defendants Unisys Corporation, Greg Baroni, Catherine Solibakke, Emily Jardim, and Eugene Zapfel's Motion to Dismiss the First Amended Complaint [1] (Dkt. No. 126) and (2) Defendants' Motion to Strike Plaintiff's Claims for Attorney's Fees (Dkt. No. 128). This case concerns Plaintiff's allegations that Defendant retaliated against her after she complained of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621; and section 1981 of the Civil Rights Act of 1866 ("CRA"), 42 U.S.C. § 1981. There are three issues before the Court. The first issue is whether the Court should dismiss Counts I (Title VII) and II (ADEA) to the extent that they are based on alleged incidents of retaliation that occurred prior to March 12, 2007, as barred because Plaintiff failed to specifically mention these incidents in her Equal Employment Opportunity Commission Charge of retaliation ("EEOC Charge"). The second issue is whether Plaintiff sufficiently pleads that she engaged in a protected activity as required to state a retaliation claim under § 1981. The third issue is whether the Court should strike Plaintiff's request for attorney's fees where Plaintiff is currently unrepresented by counsel.

The Court denies Defendant's Motion to Dismiss as to Counts I and II because Plaintiff's allegations of retaliation before March 12, 2007, are reasonably related to the allegations contained in her EEOC Charge and thus a reasonable investigation would have revealed incidences of retaliation both before and after March 12, 2007. The Court also denies Defendant's Motion to Dismiss as to Count III because Plaintiff's complaints to the human resources department at Unisys constitute protected activities as required under § 1981. The Court grants Defendant's motion to strike Plaintiff's request for attorney's fees because *pro se* plaintiffs are not entitled to an award of attorney's fees.

## I. BACKGROUND

Plaintiff Kathryn Harman is a former employee of Defendant Unisys Corporation ("Unisys"). Unisys employed Plaintiff as a contracts manager from June 13, 2005, through February 21, 2008. Plaintiff managed the company's contracts with the United States Department of Agriculture.

When first hired, Plaintiff worked under Mr. Chuck Stidham and Mr. John Tyler and received positive feedback on her work, including a nomination for an outstanding achievement award. In 2006, Mr. Stidham resigned from Unisys and was replaced by Ms. Catherine Solibakke.

---

1. Plaintiff consents to dismissal of the individual Defendants. (Mot. to Dismiss Ex. 1.) Therefore, the Court's analysis to follow addresses only the claims as they are asserted against Unisys Corporation.

Plaintiff alleges that she was discriminated against based on her age, race, and sex while working under Ms. Solibakke.

Around May or June 2006, Plaintiff approached Mr. Mike Florio, a senior member of Unisys's Human Resources ("HR") department, about Ms. Solibakke's discriminatory actions. Mr. Florio directed Plaintiff to contact Ms. Emily Jardim, another HR employee, with her complaints of discrimination. Plaintiff left Ms. Jardim a voice message outlining her discrimination concerns. Plaintiff never did speak with Ms. Jardim nor did she make an oral or written discrimination complaint. Plaintiff alleges that Ms. Solibakke's discriminatory acts included giving deference to younger employees with less experience and to African American male employees.

Plaintiff alleges that Ms. Solibakke knew of Plaintiff's HR complaints because Unisys has a system of informing supervisors about discrimination complaints. There is no evidence that Ms. Solibakke was aware of Plaintiff's discrimination complaint prior to Plaintiff filing a formal discrimination complaint with the EEOC. Plaintiff alleges that Ms. Solibakke retaliated by: (1) denying Plaintiff a pay increase; (2) reassigning Plaintiff's responsibilities to Mr. Peter Frisbie, an African American male employee with less experience; and (3) not permitting Plaintiff to work from home. On March 9, 2007, during Plaintiff's first job evaluation after voicing her discrimination concerns, Ms. Solibakke gave her a poor review though Plaintiff was never previously informed that her work was less than satisfactory. The same day, Plaintiff again expressed her grievances to HR and sent a letter to the EEOC stating that she believed she was being discriminated against because of her age, race, and gender.

On March 12, 2007, Plaintiff hand-delivered letters to Ms. Solibakke and Ms. Solibakke's supervisor which stated that she had filed a charge of discrimination with the EEOC. Plaintiff alleges that Ms. Solibakke continued to retaliate against Plaintiff after receiving the letter by: (1) following Plaintiff around the office; (2) refusing to respond to Plaintiff's phone or email messages; (3) reassigning approximately one-third of Plaintiff's contracts to Mr. Frisbie; and (4) not giving Plaintiff a salary increase, among similar acts. In or around July 2007, Plaintiff filed a retaliation claim with the EEOC claiming that Unisys had retaliated against her for complaining about discrimination. On February 21, 2008, Ms. Solibakke brought Plaintiff to her office and informed Plaintiff that she was being terminated. On April 24, 2008, Plaintiff received a right-to-sue notice from the EEOC.

On May 29, 2008, Plaintiff filed her original Complaint with this Court against Unisys, Mr. Baroni, Ms. Solibakke, Ms. Jardim, and Mr. Zapfel, alleging nineteen violations of federal and state antidiscrimination laws. (Dkt. No. 1.) The Court subsequently dismissed all claims against the individual Defendants and granted Unisys's Motion to Dismiss as to all counts except Count III, which alleged violations of the Fair Labor Standards Act. (Dkt. No. 60.) On February 12, 2009, after a four day jury trial, the jury returned a verdict for Unisys on Plaintiff's Fair Labor Standards Act overtime compensation claim. (Dkt. No. 112.) On March 16, 2009, Plaintiff filed a Notice of Appeal to the Fourth Circuit, contesting this Court's dismissal of several of her claims including the Title VII, ADEA, and CRA discrimination and retaliation claims. (Dkt. No. 114.) The Fourth Circuit remanded Plaintiff's Title VII, ADEA, and CRA retaliation claims for further proceedings, finding that this Court erred in dismissing these claims with prejudice without first

allowing Plaintiff leave to amend her Complaint. (Dkt. No. 119.) On May 18, 2010, Plaintiff filed her Amended Complaint which includes the following three counts:

(1) Count I—Violation of Title VII of the Civil Rights Act's ("Title VII") anti-retaliation provision;

(2) Count II—Violation of the Age Discrimination in Employment Act's ("ADEA") anti-retaliation provision; and

(3) Count III—Violation of Civil Rights Act's, 42 U.S.C. § 1981, ("CRA") anti-retaliation provision.

Defendants now move the Court to dismiss the individual Defendants; to dismiss Counts I and II against Unisys to the extent that the counts rely on retaliatory acts that occurred before March 12, 2007; to dismiss Count III against Unisys; and to strike Plaintiff's request for attorney's fees.

## II. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted); *see* FED.R.CIV.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. A complaint is also insufficient if it relies upon "naked assertions devoid of further factual enhancement." *Iqbal*, 129 S.Ct. at 1949 (internal citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.; Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Lab., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of [what] the plaintiff's claim [is] and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955.

## III. ANALYSIS

The Court denies Unisys's Motion to Dismiss as to Counts I and II because the retaliatory acts allegedly committed both before and after March 12, 2007, are reasonably related and a reasonable EEOC investigation would have revealed all incidences of retaliation alleged by Plaintiff. The Court denies Unisys's Motion to Dismiss as to Count III because Plaintiff sufficiently pleads facts to suggest that she engaged in a protected activity as required under § 1981. The Court grants Defendant's Motion to Strike Plaintiff's claims for attorney's fees because *pro se* plaintiffs are not entitled to an award of attorney's fees. The Court addresses each issue in turn.

*A. Counts I and II: Retaliation Claims Under Title VII and the ADEA*

The Court denies Defendant's Motion to Dismiss as to Counts I and II because Plaintiff's retaliation allegations prior to March 12, 2007, are reasonably related to the allegations listed in Plaintiff's EEOC Charge and thus would have been revealed during a reasonable administrative investigation. Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees." 42 U.S.C.A. § 2000e–3(a) (West 2010). Before bringing a Title VII or ADEA action, employees must exhaust all administrative remedies by first seeking relief from the EEOC. *See Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000).

A court is not required to strictly follow the parameters of the administrative charge. *Chisholm v. United States Postal Serv.,* 665 F.2d 482, 491 (4th Cir. 1981). Instead, "the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* Typically, only claims that are wholly unrelated to a plaintiff's administrative charge are barred in a subsequent civil action. *See Bryant v. Bell Atl. Maryland, Inc.,* 288 F.3d 124, 132 (4th Cir.2002) (holding that the plaintiff could not bring new allegations of discrimination based on color and sex where his EEOC charge only stated discrimination based on race).

Here, Defendant argues that Plaintiff's Title VII and ADEA claims should be limited to acts of retaliation that occurred after March 12, 2007, because Plaintiff's EEOC Charge states that she was retaliated against after notifying Unisys about her discrimination charge on March 12, 2007. The Court rejects this argument for two reasons.

First, the alleged retaliatory acts that occurred before March 12, 2007, are reasonably related to the incidents alleged after that date. "If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit." *Smith,* 202 F.3d at 247. The EEOC has extensive investigatory power when looking into the allegations listed in an employee's charge. *See EEOC v. Gen. Elec. Co.,* 532 F.2d 359, 364–65 (4th Cir. 1976) ("The EEOC has the right during the investigation to compel the production of any material or evidence that has relevancy to any claim made in the charge."); *see also Belyakov v. Leavitt,* 308 Fed. Appx. 720, 728–29 (E.D.Va.2009) (holding that a reasonable EEOC investigation would have uncovered previous reprimands by the employer that were not included in the plaintiff's charge).

Here, Plaintiff's allegations in the Amended Complaint are reasonably related to her second EEOC Charge and would have been revealed during a reasonable investigation because the second Charge and the Amended Complaint are both based on the same set of retaliatory acts committed by Ms. Solibakke. Much of the disparate treatment alleged before March 12, 2007, is nearly the same as the retaliatory acts allegedly committed after she informed Unisys that she filed the first EEOC Charge. For example, Plaintiff alleges that when she first complained to HR in May 2006, Ms. Solibakke retaliated against her by reassigning her work and failing to give Plaintiff a pay increase. (Am. Compl. ¶¶ 42–43, 52, 55.) Likewise, Plaintiff alleges that the exact same acts of retaliation occurred in May 2007 after she notified Unisys of the first EEOC Charge,

including removing her work and not giving her a pay increase. (Am. Compl. ¶¶ 67, 71.) The earlier allegations contained in Counts I and II are permissible because these acts are reasonably related to her second EEOC Charge and would have likely been revealed during an EEOC investigation.

Second, the Court finds that Defendant had sufficient notice of the claims in the Amended Complaint and thus the policy goals of the administrative process have been satisfied. One of the reasons employees are required to follow the administrative process is to give employers adequate notice of an employee's grievances before a civil suit is filed. *See EEOC v. American Nat'l Bank*, 652 F.2d 1176, 1186 (4th Cir.1981) (stating that one of the purposes of the administrative process is to give employers notice so they are not surprised by any claims in a subsequent civil suit). Here, Defendant had adequate notice of all the allegations in Counts I and II because Plaintiff complained internally, filed an EEOC Charge, and issued letters to Unisys notifying them of the charge. Additionally, the specific acts of retaliation listed in Plaintiff's second EEOC Charge are alleged verbatim in the Amended Complaint. Therefore, Plaintiff's allegations of retaliatory acts before March 12, 2007, are permissible even though they are not specifically alleged in the second charge because Defendant had sufficient notice of these and all the allegations listed in Counts I and II. Defendant's Motion to Dismiss Counts I and II of the Amended Complaint is denied.

### B. Count III: Retaliation Claims Under the CRA

■ The Court denies Defendant's Motion to Dismiss as to Count III because Plaintiff sufficiently pleads that she engaged in a protected activity under § 1981.

Section 1981 protects "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). To state a claim for illegal retaliation under § 1981, a plaintiff must show that: "(1) [s]he engaged in protected activity; (2) [s]he suffered an adverse employment action at the hands of [her employer]; and (3) [the employer] took the adverse action because of the protected activity." *Bryant v. Aiken Reg'l Med. Ctrs.*, 333 F.3d 536, 543 (4th Cir.2003).

■ Here, Defendant argues that Plaintiff fails to state a claim under § 1981 because she did not allege which "actions in the preceding 141 paragraphs of the Amended Complaint . . . [constitute a] protected activity under § 1981 as to any alleged contract." (Def.'s Mot. 12.) Specifically, Defendant argues that the Amended Complaint contains "vague reference, without any details as to the method, time, or person, [Plaintiff] made a complaint that she was denied the right to make, enforce, or enjoy the benefits of a contract because of her race." (Def.'s Reply 8.) The Court rejects this argument because Plaintiff sufficiently alleges that she engaged in a protected activity within the meaning of § 1981. An employee's "right to complain to their supervisors about suspected violations of [section 1981]" is a protected activity. *Bryant*, 333 F.3d at 543–44. Here, Plaintiff specifically alleges that she complained to Mr. Florio about Ms. Solibakke's racial discrimination. (Am. Compl. ¶¶ 42–43.) Plaintiff also alleges that "[b]eginning in 2006, following [her] complaints that she had been deprived of [t]he right to make and enforce contracts . . . Defendants retaliated against [her]." (Am. Compl. ¶ 143.) Taking these allegations as true, Plaintiff suffi-

ciently pleads that she engaged in a protected activity.

■ Defendant also argues that Plaintiff fails to "connect any alleged protected activity with any alleged materially adverse action." (Def.'s Reply 8.) The Court rejects this argument because Plaintiff adequately alleges that she suffered a materially adverse employment action and the facts pled plausibly suggest that this action was in response to her discrimination complaints. To prove an "adverse employment action", a plaintiff must show that a reasonable employee would have found the challenged action materially adverse. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). This is an objective test viewed from the reasonable person standpoint. *Id.* Materiality "in this context means [an action that] ... might have dissuaded a reasonable worker from making ... a[n] [EEOC] charge of discrimination." *Id.* at 69, 126 S.Ct. 2405 (international citations omitted) (internal quotation marks omitted).

■ The Court finds that Plaintiff sufficiently alleges that she suffered a materially adverse employment action because Ms. Solibakke ended Plaintiff's work from home privileges and failed to give her a pay increase. In *Burlington*, the plaintiff, a forklift operator, alleged that her employers unjustly transferred her forklift duties to another male employee, demoted her to standard track-laborer tasks, and suspended her for thirty-seven days without pay after she complained of sexual harassment. 548 U.S. at 53, 126 S.Ct. 2405. In judging her retaliation action, the Supreme Court held that this was sufficient proof of a material adverse employment action because "[c]ommon sense suggests that one good way to discourage an employee ... from bringing discrimination charges would be to insist that she spend more time performing arduous duties and less time performing those that are easier and more agreeable." *Id.* at 70–71, 126 S.Ct. 2405. The Supreme Court "phrase[d] the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances." *Id.* at 69, 126 S.Ct. 2405. Here, Plaintiff states that once she complained of discrimination, Ms. Solibakke made her transfer nearly all of her contracts to Mr. Frisbie, failed to respond to her emails, failed to give her a pay increase, and ended her work from home privileges. (Am. Compl. ¶¶ 55, 67.) A reasonable employee would have found these actions materially adverse.

■ The Court finds that Plaintiff points to sufficient facts to create the inference that the adverse action was in response to her discrimination complaints. A plaintiff does not need to show an absolute connection between the protected activity and the adverse employment action; a "reasonable inference" is all that is required. *Bryant*, 333 F.3d at 544 (applying a reasonableness test to determine whether the adverse employment action was in retaliation for the plaintiff engaging in a protected activity). In *Bryant*, the court held that it was reasonable to infer that the defendant's discriminatory behavior was a result of the plaintiff's discrimination complaints because "her treatment at work changed drastically[;][s]he went from being recognized as a superior employee to being faced with 'nitpicky' criticisms...." *Id.* In this case, Plaintiff also alleges that she was, at one point, recognized for her outstanding work performance but that on March 9, 2007, after complaining of discrimination, Plaintiff was given "the next-to-lowest rating ... [without any] warning ... that Plaintiff's work was less than satisfactory." (Am. Compl. ¶¶ 35–36, 60.) Therefore, it is reasonable to infer that

Defendant's behavior was in response to Plaintiff's complaints of racial discrimination. Taking these facts in the light most favorable to the Plaintiff and applying the *Burlington* and *Bryant* standards, Plaintiff alleges sufficient facts to state a § 1981 retaliation claim. Defendant's Motion to Dismiss Count II of the Amended Complaint is denied.

### C. Plaintiff's Request for Attorney's Fees

 The Court grants Defendants' Motion to Strike Plaintiff's Claims for Attorney's Fees because a *pro se* plaintiff may not collect attorney's fees. The Civil Rights Attorney's Fee Awards Act of 1976 permits courts to grant reasonable fees to the "prevailing party" in certain civil rights actions including those brought under Title VII, the ADEA, and the CRA. 42 U.S.C.A. § 1988 (West 2010). However, this explicit statutory authority does not apply to successful *pro se* plaintiffs, even if they are lawyers. *See Kay v. Ehrler*, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991) (holding that an attorney who successfully represented himself in a civil rights action was not entitled to an award of attorney's fees under 42 U.S.C. § 1988). Here, Plaintiff is clearly not entitled to attorney's fees because she is not represented by counsel. Plaintiff is a licensed attorney who is representing herself in this case. Plaintiff consents to strike her attorney fee requests "insofar as [they] apply to the Plaintiff's representation of herself" and seeks to preserve her right to fees should she eventually hire counsel. (Pl.'s Opp'n to Mot. to Strike 2.) Currently, Plaintiff has no outside representation and has not indicated to the Court any immediate intention to retain counsel. Should Plaintiff decide to hire counsel and ultimately prevail on her civil rights claims it will be up to the Court, at that time, to determine whether an attorney's fee award is permissible and to what extent. There-

fore, the Court grants Defendants' Motion to Strike Plaintiff's Claims for Attorney's Fees.

### IV. CONCLUSION

The Court grants Defendants' Motion to Dismiss as to the individual Defendants. The Court denies Unisys's Motion to Dismiss as to Counts I (Title VII) and II (ADEA) of the Amended Complaint because Plaintiff's allegations are reasonably related to her administrative charge and would have been discovered during a reasonable administrative investigation. The Court also denies Unisys's Motion to Dismiss as to Count III(CRA) of the Amended Complaint because Plaintiff sufficiently pleads facts to suggest that she was denied the right to benefit from her employment contract because of Defendant's retaliatory acts. The Court grants Defendants' Motion to Strike Plaintiff's Claims for Attorney's Fees because Plaintiff is not entitled to such an award. Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss as to the individual Defendants is GRANTED. Defendants Greg Baroni, Catherine Solibakke, Emily Jardim, and Eugene Zapfel are dismissed. It is further

ORDERED that Unisys's Motion to Dismiss is DENIED. It is further

ORDERED that Unisys's Motion to Strike Plaintiff's Claims for Attorney's Fees is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.