**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1589**

MICHAEL RODRIGUEZ,

Plaintiff - Appellant,

v.

ELON UNIVERSITY,

Defendant - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:17-cv-00165-LCB-JLW)

Submitted:  October 30, 2018                    Decided:  November 30, 2018

Before WYNN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant.  Richard Rainey, Charlotte, North Carolina, Beth Tyner Jones, Rebecca C. Fleishman, Samuel B. Hartzell, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Rodriguez appeals the district court's order granting summary judgment to his former employer, Elon University, on his discrimination claim raised pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 2012 & Supp. 2018), and 42 U.S.C. § 1981 (2012). We affirm the district court's order.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

To establish a failure to promote claim under Title VII,[*] a plaintiff must first make a prima facie showing "that he (1) is a member of a protected class; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004). Rodriguez contends that the district court erred in concluding that he failed to establish his prima facie case, arguing that the department chair contacting a white candidate to replace him as Director of the Sales Center and Elon promoting another professor with allegedly lesser credentials gives rise to an inference of discrimination.

We conclude that the district court found that this evidence does not create an inference of discrimination. A Title VII plaintiff can establish a prima facie case by showing that his position "remained open or was filled by similarly qualified applicants outside the protected class." *Miles v. Dell, Inc.*, 429 F.3d 480, 485 (4th Cir. 2005). However, as Elon correctly argues, the department chair recommended granting Rodriguez tenure. This negates any discriminatory inference from the chair contacting a white candidate to replace Rodriguez. *See Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991). Additionally, the professor who received a promotion whom Rodriguez alleges was less qualified than him was not a tenure-track professor and thus does not qualify as an adequate comparator. *See Ruiz v. Cty. of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010)

---

[*] Title VII and § 1981 claims are governed by the same standard. *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

3

("[T]he comparator must be similarly situated to the plaintiff in all material respects." (internal quotation marks omitted)).

Next, Rodriguez argues that the district court erred in rejecting his constructive discharge claim. To establish constructive discharge, Rodriguez was required to show "(1) the deliberateness of [Elon]'s actions, motivated by [discriminatory] bias, and (2) the objective intolerability of the working conditions." *Freeman v. Dal-Tile Corp.*, 750 F.3d 413, 425 (4th Cir. 2014) (internal quotation marks omitted). Mere "dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Honor*, 383 F.3d at 187 (internal quotation marks omitted).

We conclude that the district court correctly rejected Rodriguez's constructive discharge claim. Elon followed its customary policy of offering Rodriguez a one-year terminal contract when it denied him tenure. The fact that it offered Rodriguez a terminal contract shows that it did not intend for him to resign. Moreover, the mere fact that Rodriguez may have felt unwelcome after he was denied tenure is not sufficient to show that he suffered from intolerable working conditions. *See Williams v. Giant Food Inc.*, 370 F.3d 423, 434 (4th Cir. 2004) (concluding allegations that plaintiff's "supervisors yelled at her, told her she was a poor manager and gave her poor evaluations, chastised her in front of customers, and once required her to work with an injured back" failed to establish constructive discharge claim).

Finally, Rodriguez contends that the district court erred in failing to consider his retaliation claim. We have consistently held that plaintiffs are "not required to use any

4

precise or magical words in their pleading." *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 418 (4th Cir. 2014). Instead, a claim must "afford the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved." *Labram v. Havel*, 43 F.3d 918, 920 (4th Cir. 1995) (internal quotation marks omitted). However, "[i]t is [equally] well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

Here, Rodriguez's complaint only alleged a discrimination claim and included no facts supporting a retaliation claim. While Rodriguez contends that he only learned of evidence of retaliation during discovery, he failed to file a motion to amend his complaint. *See Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474-75 (4th Cir. 2014) (holding that district court did not abuse its discretion in denying motion to amend when plaintiff did not file motion to amend or proposed amended complaint). Although Rodriguez contends that his evidence of retaliation can support his properly pled discrimination claim, Title VII contains two different statutory provisions, one prohibiting discrimination and another retaliation. 42 U.S.C.A. §§ 2000e-2, 2000e-3(a). Moreover, the district court correctly found that Rodriguez failed to exhaust this claim because his EEOC charge only alleged facts supporting a discrimination claim. *See Miles*, 429 F.3d at 492 (holding that plaintiff failed to exhaust administrative remedies when she "did not check the retaliation box on her charge form, and the narrative explaining her charge made no mention of retaliation").

5

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*